In the Matter of Disciplinary Proceedings Against
Stacy Michelle Rios, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Stacy Michelle Rios, Respondent.

Supreme Court

*No. 04–1665–D. Decided March 8, 2005.*

2005 WI 22

(Also reported in 693 N.W.2d 71.)

The Court entered the following order on this date:

We review the findings of fact, conclusions of law and recommendations of Referee John A. Fiorenza. Attorney Stacy M. Rios was found to have engaged in unprofessional conduct in the course of her practice of law in violation of the Rules of Professional Conduct. The referee's recommendation was for a 60–day suspension of Attorney Rios' license to practice law, after all current suspensions have been lifted, and that Attorney Rios be required to pay the costs of the proceeding.

We agree that the seriousness of Attorney Rios's misconduct warrants suspension of her license to practice law and we approve the referee's findings, conclusions, and recommendations.

Attorney Rios was admitted to practice law in Wisconsin on June 19, 1995. Her license to practice law in Wisconsin is presently under suspension. On October 31, 2001 her license was administratively suspended for non-payment of State Bar dues. On June 3, 2002 her license was suspended for non-compliance with continuing legal education requirements.

The matter before the court involves Attorney Rios' representation of T.S., in connection with a criminal proceeding. T.S. was convicted in federal court in 1995 and sentenced to a lengthy term of incarceration. He filed an appeal that was unsuccessful. The court subsequently appointed Attorney Rios to pursue T.S.'s second appeal. That appeal was denied on August 25, 1995.

In the Spring of 2000, T.S. privately retained Attorney Rios to file a petition for writ of habeas corpus on his behalf, pursuant to 28 U.S.C. § 2255. The deadline for filing the motion was August 25, 2000. Attorney

Rios received $2,000 from T.S.'s family to pursue this matter. T.S. never received a fee agreement from Attorney Rios and Attorney Rios failed to file the motion on T.S.'s behalf by the deadline. T.S. attempted to contact Attorney Rios after the deadline passed, but Attorney Rios refused to accept T.S.'s telephone calls. T.S.'s mother was also unsuccessful in her attempts to communicate with Attorney Rios. On September 11, 2000, T.S.'s mother confirmed with the court that no motion had been filed on T.S.'s behalf.

Attorney Rios apparently advised the Office of Lawyer Regulation (OLR) that her "strategy" was to purposely not file the motion on the deadline and that she intended to assist T.S. in filing a *pro se* motion claiming lawyer negligence. T.S., however, was not advised of this strategy prior to the deadline for filing the petition for writ of habeas corpus. After the disciplinary investigation commenced, Attorney Rios did return the $2,000 retainer to T.S.'s family. However, Attorney Rios failed to cooperate with the disciplinary investigation, and impeded efforts to communicate with her by failing to advise the OLR of a change in business address. Attorney Rios eventually withdrew her answer to the Complaint; she does not contest the allegations contained in the Complaint.

The OLR alleged and the referee found that by failing to timely file a petition for writ of habeas corpus on behalf of T.S., Attorney Rios failed to represent a client with the legal knowledge, skill, thoroughness, and preparation reasonably necessary for representation, in violation of SCR 20:1.1.[1]

---

[1] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires

The OLR alleged and the referee found that by failing to respond to letters and telephone calls from T.S. and his family, Attorney Rios failed to keep T.S. reasonably informed about the status of a matter and to promptly comply with reasonable requests for information in violation of SCR 20:1.4(a).[2]

The OLR alleged and the referee found that by failing to explain her purportedly legal strategy to T.S. prior to the filing deadline, Attorney Rios failed to explain a matter to the extent reasonably necessary to permit T.S. to make an informed decision regarding the representation, in violation of SCR 20:1.4(b).[3]

The OLR alleged and the referee found that by failing to return T.S.'s file after he requested it, Attorney Rios failed to timely surrender papers and property to which T.S. was entitled upon termination of representation, in violation of SCR 20:1.16(d).[4]

The OLR alleged and the referee found that by failing to respond to telephone calls and other attempts at contact by the OLR's District Committee investiga-

---

the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 20:1.4(a) provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:1.4(b) provides: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[4] SCR 20:1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

tors, Attorney Rios failed to provide relevant information in the course of the investigation in violation of SCR 21.15(4)[5], 22.03(2)[6], 22.03(6)[7] and 22.04(1)[8], constituting misconduct under SCR 20:8.4(f).[9]

The referee recommended that Attorney Rios' license be suspended for a period of 60 days, effective after all current suspensions have been lifted, and that she be required to pay the costs of the disciplinary proceeding.

We agree that the seriousness of Attorney Rios's misconduct warrants suspension of her license to practice law, and we approve the findings, conclusions, and recommendations. Therefore,

[5] SCR 21.15(4) provides: "Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's willful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys."

[6] SCR 22.03(2) provides in relevant part: "The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response."

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[8] SCR 22.04(1) provides in relevant part: "A respondent has the duty to cooperate specified in SCR 21.15 (4) and 22.03 (2) in respect to the district committee."

[9] SCR 20:8.4(f) provides: It is misconduct for a lawyer to: "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

IT IS ORDERED that the license of Stacy M. Rios to practice law in Wisconsin is suspended for a period of 60 days [effective the date all other suspensions are lifted];

IT IS FURTHER ORDERED that, if she has not already done so, Attorney Stacy M. Rios comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended;

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Stacy M. Rios pay to the Office of Lawyer Regulation all the costs of this proceeding, provided that if such costs are not paid within the time specified and absent a showing to the court of her inability to pay the costs within that time, the license of Stacy M. Rios to practice law in Wisconsin shall be suspended until further order of this court.